NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0452n.06

No. 18-5543

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLESTON LABORATORIES, INC., | ) | **FILED** |
| Plaintiff-Appellee, | ) | Aug 27, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| JOHN F. AMELING, | ) | ON APPEAL FROM THE |
| Defendant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| SIDIS CORP.; PRIME DP, LLC, | ) | |
| Defendants-Appellants. | ) | |

BEFORE:    **COLE, Chief Judge; BATCHELDER and DONALD, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge**.  Defendant SIDIS Corp. appeals the orders of the district court granting Plaintiff Charleston Labs's motion for judgment on the pleadings and denying SIDIS Corp.'s motion for judgment on the pleadings.  Defendant Ameling does not appeal the dismissal of his crossclaim.  Charleston Labs's claim arises from a contractual dispute regarding a Stockholder's Agreement among the founders of the company, including Ameling. Charleston Labs alleges that a separate contract, the Settlement Agreement, between Ameling and SIDIS Corp., violated the Stockholder's Agreement between Ameling and Charleston Labs.

Under the Settlement Agreement, Ameling pledged a portion of the proceeds of any future sale of his shares of Charleston Labs's stock to SIDIS Corp. as consideration for settlement of an unrelated dispute.  The Settlement Agreement did not transfer ownership or control of any of Ameling's shares; it merely pledged a portion of proceeds of any future sale of the shares.  The

pre-existing Stockholder's Agreement between Charleston Labs and Ameling, however, prohibited the sale, pledge, encumbrance, or transfer of any interest in shares of the company's stock without Charleston Labs's consent.

Applying Delaware law, through the choice-of-law provision under the Stockholder's Agreement, the district court held that (1) the right to receive proceeds from the sale of stock is an interest in the underlying stock, and (2) such a transfer restriction is valid. Accordingly, the district court held that the Settlement Agreement violated the Stockholders Agreement and granted Charleston Labs's motion for judgment on the pleadings with respect to its request for declaratory judgment that the Settlement Agreement between the Defendants is void. The district court also denied the SIDIS Corp.'s motion for judgment on the pleadings with respect to its four-count counterclaim for tortious interference with a contract, fraudulent transfer, civil conspiracy, and punitive damages.

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we conclude that the district court's opinion and orders, granting Charleston Labs's motion for judgment on the pleadings and denying SIDIS Corp.'s motion for judgment on the pleadings, thoroughly and accurately set out the undisputed facts, properly interpreted the contracts among the parties, and properly applied the governing law. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we AFFIRM on the basis of the district court's well-reasoned opinion and orders.